**Daniel Anthony McCOY by his next friend, Rosemary McCoy and Daniel Wayne McCoy and Rosemary McCoy, Assignees of Hartwell Construction Company and Jimmie Loggins, Plaintiffs,**

v.

**ZURICH INSURANCE COMPANY, a New York Corporation, Defendant.**

No. 80–71260.

United States District Court, E. D. Michigan, S. D.

March 13, 1981.

Murdoch J. Hertzog, Detroit, Mich., for plaintiffs.

Ivin E. Kerr, Detroit, Mich., for defendant.

MEMORANDUM OPINION

THOMAS P. THORNTON, District Judge.

On June 7, 1978 in the Circuit Court for the County of Wayne, State of Michigan a Judgment was entered in favor of Daniel Anthony McCoy and for Daniel Wayne McCoy and Rosemary McCoy in an amount totalling $943,032.50. The defendants in that case were Jimmie Loggins and Hartwell Construction Co., a Michigan corp. On December 5, 1979 said defendants assigned to the McCoys "our demands of every kind

and description which we have against Zurich American Insurance Company." On March 3, 1980 plaintiffs herein filed suit against Zurich in the Wayne County Circuit Court from which defendant removed the action to this Court on the basis of diversity of citizenship and the jurisdictional amount in controversy. The instant action is one to recover from Zurich the amount of the State Court Judgment less $122,500, said amount being the policy limits of $100,000 plus $22,500 statutory interest paid by Zurich as a result of the State Court Judgment. Zurich had issued a policy of automobile public liability insurance to Hartwell which was in effect at the time of the accident which occasioned the lawsuit resulting in the judgment for the McCoys.

The accident involved in the primary state court case occurred May 1, 1974 when plaintiff Daniel Anthony McCoy, then about six years of age, was riding his bicycle on the sidewalk and crossing an alley. A truck, owned by Hartwell, (driven by Loggins) drove out from the alley crossing the sidewalk en route to the street and the boy was run over. The severity of the boy's injuries and suffering need not be detailed here. Suffice it to say that they were extensive and that he will never be able to live a normal life.

The instant suit seeks recovery from defendant Zurich for damages based on the "bad faith" theory, for what plaintiffs allege was Zurich's refusal to settle. In their Complaint plaintiffs state as follows in Paragraphs 6 and 7:

6. The Defense of Hartwell and Loggins in the suit was assumed by Defendant, Zurich-American Insurance Company in accordance with the terms of their insurance policy, and they provided defense counsel and suggested to Hartwell to secure individual counsel to protect their interest as to the amount in excess of policy limits of One Hundred Thousand ($100,000.00) Dollars.

7. Prior to the trial of the suit against Hartwell and Loggins, Plaintiffs made settlement offers to Defendant, Zurich-American, in amounts equalling the policy limits plus accrued interest. The offers were based on Plaintiffs' understanding that an automobile insurance policy, providing public liability coverage, between Hartwell and Defendant, Zurich-American, was in full force and effect at the time of the accident.

There appears to be no question as to the fact that Zurich, the insurer, offered to pay the policy limits of $100,000 shortly after the primary state court action was commenced November 14, 1974 and continued to so offer right up until the trial commenced and during the trial in March 1978. The response of the McCoys to Zurich's offer of the policy limits was that Zurich should offer the policy limits *plus* interest and that plaintiffs would accept such an offer. Zurich refused on the ground that there was no legal obligation under its contract with the insured to pay statutory interest, such interest being owed only subsequent to judgment and dating back to the filing of the lawsuit. MSA § 27A.6013 [M.C.L.A. § 600.6013]. It should here be noted that Zurich filed an offer of Judgment in the primary state court action February 14, 1975, inclusive of "all costs, attorney fees and interest." Subsequently on March 30, 1978 Zurich made its second Offer of Judgment which reads as follows:

Defendant, Hartwell Construction Company, hereby tenders as settlement the full policy limits of One Hundred Thousand ($100,000) Dollars *plus* interest from the date of filing of plaintiffs' Complaint. (Emphasis added)

Neither of the above offers of judgment was accepted by the McCoys. The Trial Judge on March 28, 1978, at the conclusion of the trial, had made a finding that "as to the question of negligence, the plaintiff has prevailed against both defendants." T 138. The Court however made no determination of the amount of damages at that time. He did make such determination June 7, 1978 when judgment was entered in the amount of $943,032.50.

Pending before the Court presently is defendant's Motion For Summary Judgment which has been argued and briefed by the parties. Defendant's motion of course is based on Rule 56 which requires that there be no genuine issue as to any material fact. Plaintiffs do not appear to disagree with that aspect of the basis of defendant's motion. Nowhere do they even intimate that there is such genuine issue. And nowhere do they point out any material fact that is in issue. Plaintiffs' opposition to defendant's motion is based on their understanding of the law applicable to the factual situation presented. They contend that legally defendant is obligated to them for the damages awarded in the judgment, above and beyond the policy limits plus interest already paid and that therefore defendant is not entitled to the summary judgment it seeks herein.

Plaintiffs have cited no authority for the proposition that Zurich was guilty of bad faith in refusing to settle for more than the policy limits. The payment of prejudgment interest on the amount of $100,000 clearly would have been in excess of the policy limits. Plaintiffs have cited the case of *Jones v. National Emblem Insurance Co.,* 436 F.Supp. 1119 (E.D.Mich., S.D.1977) in which another judge on this bench wrote as follows at Page 1121:

> It is now settled, in Michigan as elsewhere, that the insured may bring suit against the insurer for the latter's bad faith refusal to settle a claim within the policy limits.

A reading of that case discloses that none of the indicia of an insurer's bad faith as set forth on Page 1124 of *Jones* is present here.* What stands out there as well as in other cases dealing with an insurer's bad faith is the repetitive occurrence of the phrase "within the limits of the policy" or "within the policy limits."

The law of Michigan on this subject has been well settled since *Wakefield v. Globe Indemnity Co.,* 246 Mich. 645, 225 N.W. 643

(1929). *Wakefield* specifically speaks to the obligation of the insurer "to the policy limit." The Court said at Page 649, 225 N.W. 643:

> The policy amount constitutes a dead line of contractual power, obligation, and duty. The insured pays for protection to that amount only, and the insurer has no obligation to indemnify him in a greater sum.

For the above stated reasons Defendant's Motion For Summary Judgment should be GRANTED. An Order may be presented accordingly.

* It is to be observed here that Zurich notified its insured on two separate occasions of the insured's excess exposure and of its right to se-

cure its own counsel (which in fact Hartwell did).